IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETZABE FERTO, Special Administrator of the Estate of Jose Luis Ferto, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 10cv1729<br>) |
| RICHARD FIELDER and WEST RAVEN LTD., | ) Judge Robert M. Dow, Jr.<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| OSHA INVESTIGATORS LARRY JOZWIAK, ELIA ZABANEH, and DIANE TUREK, | )<br>)<br>) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants in a wrongful death suit sought the deposition testimony of three OSHA Investigators, and the Department of Labor denied that request. When Defendants moved the state court to compel the testimony, the OSHA investigators ("Respondents") removed the case to this Court and now seek dismissal [6] of the motion to compel, arguing that both the state court and this Court lack jurisdiction to decide the motion. For the reasons set forth below, the Court grants Respondents' motion to dismiss Plaintiff's motion to compel [6]. The remainder of this case is remanded to the Circuit Court of Cook County.

**I.     Background**

Plaintiff Betzabe Ferto filed a wrongful death and survival action against Defendants Richard Fielder and West Raven Ltd. after Jose Luis Ferto fell at a construction site and was killed. Defendants served subpoenas on Respondents, three investigators for the Occupational

Safety and Health Administration ("OSHA").  The designee of the United States Deputy Solicitor of Labor, of which OSHA is a component, determined that the request was insufficient to authorize the testimony of the three OSHA investigators.  Defendants then moved the state court to compel their testimony.  The OSHA investigators removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), and now move to dismiss for lack of subject-matter jurisdiction, arguing that under the "derivative jurisdiction" doctrine, this federal court acquired only the jurisdiction that the state court had, which was none.

## II. Analysis

Federal officers who are not named as parties may remove actions that interfere with the performance of their duties.  *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 413-14 (D.C. Cir. 1995).  As relevant here, § 1442(a) provides that a "civil action * * * commenced in a State court" against the "United States or any agency thereof or any officer (or any person acting under that officer" or and "officer of the courts of the United States, for any act under color of office or in the performance of his duties" may be removed to federal court.  See also *Winters v. Taylor*, 333 Fed. Appx. 113, 115 (7th Cir. 2009).  The purpose of § 1442(a) is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." *Arizona v. Manypenny,* 451 U.S. 232, 241 (1981).  To effectuate that purpose, courts broadly construe the provisions of § 1442(a).  *Willingham v. Morgan,* 395 U.S. 402, 407 (1969) (cautioning against "a narrow, grudging interpretation of § 1442(a)(1)").  The statutory authorization for removal by federal officers is independent of general removal jurisdiction and does not require that the federal court have original federal jurisdiction apart from the statute.  See *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980).

Here, Plaintiffs obtained copies of OSHA's investigative file pursuant to the Freedom of Information Act ("FOIA") and then subpoenaed the OSHA investigators whose names appear on the documents in the file: Respondents Larry Jozwiak, Elia Zabaneh, and Diane Turek. Because Respondents are involved in this matter solely in their official capacity as OSHA investigators, the subpoena pertains to acts committed "under color of office[.]" 28 U.S.C. § 1442(a). A removable action commenced when the OSHA investigators (federal officials) declined to comply with the subpoenas and Plaintiff requested judicial intervention from the state court to enforce the subpoenas. See *In re Charges of Unprofessional Conduct Against 99-37,* 249 F.3d 821, 824 (8th Cir. 2001) (right of removal under § 1442(a) triggered when party filed a motion to hold federal official in civil contempt and to compel testimony); *Dunne v. Hunt*, 2006 WL 1371445, at *4 (N.D. Ill. May 16, 2006) (reasoning that "the critical factor is whether the subpoenaing party has sought judicial intervention to compel a federal officer to comply with a subpoena, not whether the state court has ruled on the request); *State of Indiana v. Adams,* 892 F. Supp. 1101, 1105 (S.D. Ind. 1995) (stating that if the party who issued the subpoena had either filed a motion to compel or a motion to hold the federal officers in contempt, "either action would likely trigger section 1442.").

Having determined that the action was properly removed to federal court under § 1442(a), the Court next considers Respondents' motion to dismiss Plaintiff's motion to compel pursuant to Federal Rule of Civil Procedure 12(b)(1). The jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, essentially is derivative of that of the state court. See *Manypenny,* 451 U.S. at 242 n. 17. "[J]urisdiction of the federal court upon removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought

3

in federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939); see also *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994). Consequently, if the Circuit Court of Cook County lacked the jurisdiction to compel the testimony of the OSHA investigators, then this Court is in no better jurisdictional position than the state court once the case was removed to federal court. *Edwards,* 43 F.3d at 316; see also *Miller v. Hill*, 2010 WL 2836299, at *1 (S.D. Ill. July 16, 2010).

Turning to the state court's jurisdiction, the United States and its employees acting in the scope of their employment are immune from state court suit unless Congress consents to the jurisdiction of that court. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The terms of the United States' consent to be hailed before any court define that court's jurisdiction to entertain the suit. *Id.* at 586; *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981). A party seeking to invoke state court jurisdiction over the United States has the burden of pointing to a congressional act that gives consent. See *Malone v. Bowdoin*, 369 U.S. 643 (1962). In the present case, federal law provides the procedure for obtaining evidence from the federal government and its employees. Title 5, Section 301 of the United States Code authorizes a government agency to promulgate regulations granting that agency discretion and authority to govern its internal affairs. See *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Giancana v. Johnson*, 335 F.2d 372, 375 (7th Cir. 1964). Pursuant to § 301, the Secretary of Labor promulgated regulations governing the release of information by department employees served with subpoenas. 29 C.F.R. § 2.20, *et seq*. Department of Labor employees may not provide information acquired during the course of their official duties without prior approval of the appropriate Deputy Solicitor of Labor. *Id.*

Absent a waiver of sovereign immunity, the state court lacks jurisdiction to compel Respondents to provide testimony relating to their employment in any court proceeding. *Kasi v. Angelone*, 300 F.3d 487, 501 (4th Cir. 2002); see also *Edwards*, 43 F.3d at 316 (sovereign immunity does apply to subpoena enforcement proceedings); but see *Marshall v. Elward*, 399 N.E.2d 1329 (Ill. 1980) (applying state law and enforcing a subpoena issued to OSHA). According to Respondents and not contested by Plaintiff, there has not been an express waiver of sovereign immunity. Thus, only federal law controls the disclosure of the requested testimony, as state law must give way to the federal regulation by virtue of the Supremacy Clause of the United States Constitution. See *Morris v. Jones*, 329 U.S. 545, 552-53 (1947); *Rosin v. Monken*, No. 08-4132, 2010 WL 937997, at 3 (7th Cir. Mar. 17, 2010). The state court lacks jurisdiction "to independently compel the testimony or production of documents when it is contrary to a valid agency regulation." *Edwards*, 43 F.3d at 316 (citing *Touhy*, 340 U.S. 462 (1951)).

In sum, this Court's jurisdiction on removal does not exceed that of the state court, and in the absence of jurisdiction of the state court to entertain Plaintiff's motion, this Court lacks jurisdiction as well. See *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency,* 86 F.3d 1208, 1211 (D.C. Cir. 1996) (state court issued order to compel production of documents based on subpoena and the Comptroller filed notice of removal; court concluded that district court lacked subject matter jurisdiction to hear motion to compel, noting that "[i]n state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena" and under the doctrine of derivative jurisdiction, "the federal court * * * is also barred from enforcing a subpoena against the federal government") (citations omitted); *State of Louisiana v. Sparks,* 978 F.2d 226, 235 (5th Cir. 1992) (noting "myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have

held that the sovereign immunity doctrine bars enforcement of the subpoena. These courts have quashed state court subpoenas or dismissed contempt proceedings that were removed on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign.") (citations and footnote omitted)); *Pollock v. Barbosa Group, Inc.,* 478 F.Supp.2d 410, 413-14 (W.D.N.Y. 2007) (state court issued subpoena to compel federal agencies to release records; after removal, federal court dismissed action because it "lack[ed] jurisdiction to enforce the subpoena" absent an "express waiver of sovereign immunity"). In other words, because the United States and its agencies are immune from state court process unless sovereign immunity has been waived – which was not done here – the state court, and consequently this Court, lacks jurisdiction to enforce the subpoenas issued to Respondents. See *Dunne,* 2006 WL 1371445, at *4 (*citing United States v. Sherwood,* 312 U.S. 584 (1941)); see also *Miller v. Hill*, 2010 WL 2836299, at *2 (S.D. Ill. July 16, 2010).

This does not end the inquiry, however, into whether the Department of Labor improperly withheld authorization for its employees to testify in the state case. The proper method for judicial review of an agency's decision that it will not authorize its own employees' testimony is through the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. Specifically, under § 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Through this Act, persons are able to come into a court of the United States and gain judicial review of an agency's action that adversely affects their interests. See *Edwards v. U.S. Department of Justice*, 43 F.3d 312 (7th Cir. 1994); *United States v. Williams*, 170 F.3d 431 (4th Cir. 1999). However, on removal under § 1442, this Court lacks the same authority to do so.

### III. Conclusion

For the reasons stated above, Respondents' motion to dismiss Plaintiff's motion to compel [6] is granted. The remainder of this case is remanded to the Circuit Court of Cook County.

Dated: August 5, 2010

_____
Robert M. Dow, Jr.
United States District Judge